UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA VARGAS, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>            Defendant. | Case No. 12-cv-2247-L(MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND [DOC. 5]** |

On July 18, 2012, Plaintiffs Brenda Vargas and Joel Diaz commenced this action in the San Diego Superior Court against Defendant Bank of America, N.A. ("BANA") for violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act" or "RFDCPA"), violations of California Business and Professions Code § 17200, and defamation. On September 14, 2012, Defendant removed the action to this Court. Defendant now moves to dismiss the complaint. Plaintiffs oppose.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 8.) For the following reasons, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss.

//

## I. BACKGROUND

On May 4, 2006, Plaintiffs received a loan in the amount of $76,756.00 from Countrywide to help purchase a condominium located in Chula Vista, California. (Compl. ¶¶ 14–15.) There were two original purchase-money loans for the property because it was an "80/20" purchase, "that was broken up into the amounts of $309,096 and $76,756." (*Id.* ¶ 16.) Countrywide Home Loans, Inc. originated both loans. (Def.'s RJN Exs. 1–2.)

On May 19, 2009, a notice of default was recorded in the amount of $8,494.44. (Def.'s RJN Ex. 3.) On September 20, 2011, the property was sold in a non-judicial foreclosure sale. (Compl. ¶ 18.) At all times, Plaintiffs used the property as a single-family unit, and the property was "owner occupied" and never refinanced. (*Id.* ¶ 19.)

Since the foreclosure, Plaintiffs allege that "Defendants [sic] has been inaccurately reporting monthly to the consumer credit reporting agencies a full balance owed which is inaccurate and has had an extremely detrimental effects [sic] on the Plaintiffs' credit." (Compl. ¶ 22.)

On July 18, 2012, Plaintiffs commenced this action in the San Diego Superior Court against Defendant for violations of the RFDCPA, violations of California Business and Professions Code § 17200, and defamation. On September 14, 2012, Defendant removed the action to this Court. Defendant now moves to dismiss the complaint. Plaintiffs oppose.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual

allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Both parties request judicial notice for certain documents. (Docs. 5-2, 6-1.) Neither party opposes. Accordingly, the Court **GRANTS** the parties' requests.

### III. DISCUSSION

#### A. The Rosenthal Act

The Rosenthal Act states that all debt collectors must comply with the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692b–1692j. Cal. Civ. Code § 1788.17. "The [FDCPA] prohibits debt collector[s] from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To be liable for an FDCPA violation, a defendant must, as a threshold matter, be a "debt collector" within the meaning of those acts. *Id.* at 294. The Rosenthal Act incorporates the substantive provisions of the FDCPA. *See, e.g.*, *Dupuy v. Weltman, Wienberg & Reis Co.*, 442 F. Supp. 2d 822, 825 n.1 (N.D. Cal. 2006); *Edstrom v. All Servs. & Processing*, No. C04-1514, 2005 WL 645920, at *5 (N.D. Cal. Feb. 22, 2005).

Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This definition includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* § 1692a(6). The FDCPA does not, however, cover "the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)); *see also* 15 U.S.C. § 1692a(4) (defining "creditor"). Consequently, a loan servicer is not a debt collector if it acquired the loan before the borrower was in default. *See Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103-04 (N.D. Cal. 2011).

Here, Defendant appears to argue that it is not a debt collector but rather a loan servicer. (Def.'s Mot. 4:16–5:2.) Plaintiffs respond by arguing that Defendant is a debt collector within the definition presented in *Pittman v. Barclays Capital Real Estate, Inc.*, No. 09 CV 0241, 2009 WL 1108889 (S.D. Cal. Apr. 24, 2009) (Miller, J.). (Pl.'s Opp'n 5:7–13.) They go on to present

a quote purportedly from *Pittman* that defines a debt collector as "'a person' the 'principal purpose' of whose business is the collection of debts (whether on behalf of himself or others)." (*Id.*)  However, Plaintiffs' quote does not appear anywhere in *Pittman*.  *See Pittman*, 2009 WL 1108889, at *3.  Without more, Plaintiffs fail to adequately address the threshold issue of whether Defendant is a debt collector under the Rosenthal Act and FDCPA.  *See Heintz*, 514 U.S. at 294.

Because Plaintiffs fail to present any reason to find that Defendant is a debt collector, the Court cannot conclude that Defendant is a debt collector under the Rosenthal Act and FDCPA.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Rosenthal Act cause of action.

### B.  California Business and Professions Code § 17200

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice . . . ."  Cal. Bus. & Prof. Code § 17200.  This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant.  *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).  Plaintiffs allege that Defendant violated the § 17200 by "violating California Civil Code § 1681s-2 nine times, thereby engaging in unfair, fraudulent, unlawful business practices."  (Compl. ¶ 33.)  Because this cause of action derives from the Rosenthal Act cause of action that was dismissed above, the Court also **DISMISSES WITHOUT PREJUDICE** Plaintiffs' § 17200 cause of action.

### C.  Defamation *Per Se*

"Defamation is an invasion of the interest in reputation."  *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999).  "The tort involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Id.*  "Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Id.* "Publication need not be to the 'public' at large; communication to a single individual is

sufficient." *Id.*

California Civil Code § 45a sets forth the elements for defamation *per se*: "A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face. Defamatory language not libelous on its face is not actionable unless the plaintiff alleges and proves that he has suffered special damage as a proximate result thereof." Where a plaintiff can prove libel *per se*, damage to reputation is presumed, so that the plaintiff need not introduce evidence of actual damages to recover compensatory, or, in appropriate cases, punitive damages. *Barnes-Hind, Inc. v. Superior Court*, 181 Cal. App. 3d 377, 382 (1986).

"[California Civil Procedure Code] Section 580b, by its own terms eliminates a creditor's ability to seek a deficiency judgment, but *it does not eliminate the underlying debt*." *Herrera v. LCS Fin. Servs. Corp.*, No. C09-02843, 2009 WL 2912517, at *8 (N.D. Cal. Sept. 9, 2009) (emphasis added). "The fact of that debt's existence may be entirely theoretical, given that section 580b closes the courthouse door on any creditor's collection efforts against the mortgagor. However, the claim that section 580b erases the debt . . . must fail as a matter of law." *Id.*

Defendant argues that Plaintiffs cannot satisfy the falsity requirement by simply stating that the credit reporting was "inaccurate." (Def.'s Mot. 7:8–25.) In response, Plaintiffs argue that § 580(b) "clearly decrees" that Plaintiffs' post-foreclosure balance should be zero, and as a result, "[b]y stating not only a balance due but a past due amount as well, and by reporting this past due amount and total amount due to the Credit Reporting Agencies," they adequately allege that Defendant knowingly published false statements to others. (Pls.' Opp'n 7:12–24.) Plaintiffs appear to presume that § 580b erases their debt and, because under their interpretation of § 580b that they owe nothing to Defendant, reporting a debt to the credit reporting agencies is tantamount to publishing a false statement. (*See id.*) But Plaintiffs are mistaken.

Section 580b does not erase Plaintiffs' debt. *See Herrera*, 2009 WL 2912517, at *8. Rather, it eliminates a creditor's ability to seek a deficiency judgment. Cal. Civ. Proc. Code § 580b. Thus, without more, § 580b does not serve as a proper basis to support Plaintiffs'

defamation cause of action.  *See* Cal. Civ. Proc. Code § 580b; *Herrera*, 2009 WL 2912517, at *8; *Smith*, 72 Cal. App. 4th at 645.  Additionally, § 580b does not prohibit or even discuss reporting debts to credit reporting agencies.  *See* Cal. Civ. Proc. Code § 580b.  It is not clear from Plaintiffs' complaint that Defendant violated § 580b in any way.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' defamation *per se* cause of action.

## IV.  CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss, and **DISMISSES** the complaint in its entirety. (Doc. 5.)  If Plaintiffs decide to file an amended complaint, they must do so by **April 22, 2013**.

**IT IS SO ORDERED.**

DATED: April 2, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL